# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JUAN MARTINEZ,** | CASE NO: CV01-308-S-EJL |
| **Petitioner,** | CR95-045-S-EJL |
| **vs.** | **MEMORANDUM ORDER** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

Pending before the Court in the above-entitled matter is Defendant Juan Ramon Martinez's Motion for Resentencing – Equal Justice (Docket No. 510). In the motion, the Defendant requests all enhancements to his sentence that were not found beyond a reasonable doubt be subtracted from his sentence based on United States v. Booker, ___U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendant also requests this Court to declare the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA") unconstitutional as it prevents the Defendant from being able to seek the requested relief.

This Court previously denied Defendants motion for resentencing filed on January 3, 2006. See Memorandum Order, Docket No. 506. The Court informed Defendant that Booker and related cases are not to be applied retroactively. The Court finds no new arguments are raised by Defendant to change the Court's earlier position. This basis for resentencing is denied.

MEMORANDUM ORDER-Page 1
06ORDERS\MARTINEZ_2resent.WPD

As to Defendant's request to declare the AEDPA unconstitutional, the Court declines to make such a ruling. Defendant's judgment was entered by the District Court on June 25, 1996 (Docket No. 360). The Defendant appealed and the Ninth Circuit issued its mandate affirming the District Court in 1998 (Docket No. 412). On April 24, 1996, the amendment to 28 U.S.C. § 2255 became effective. The amendment limited the time in which to file a §2255 motion to one year after the date the judgment of conviction becomes final. The Defendant filed a § 2255 motion and such was denied by this Court (Docket No. 465) in 2002. Accordingly, this motion for resentencing as well as the one filed in January 2006 are not timely filed under the AEDPA.

The Court also rejects the Defendant's argument that the AEDPA one-year filing limitation as unconstitutional. See Clay v. United States, 537 U.S. 522, 531-32 (2003) (describing operation of one-year limitation period); Felker v. Turpin, 518 U.S. 651, 664 (1996) (finding that limitations imposed by AEDPA were illustration of principle that "the power to award the writ by any of the courts of the United States, must be given by written law"). The time limitation set forth in the Act to suspend the Defendant's right to file a writ of habeas corpus imposes a congressionally-intended limitation in order to further the well-established goal of finality in criminal convictions. See United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); Mackey v. United States, 401 U.S. 667, 690 (1971).

Further, the Supreme Court's recent decision in United States v. Booker, ___U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) does not create an exception to the one-year statute of limitations. The motions for resentencing filed by this Defendant are actually successive § 2255 petitions for which the Court lacks jurisdiction as the Defendant has not sought leave of the Ninth Circuit to file

successive § 2255 petitions. 28 U.S.C. § 2244(3)(A).

      For all of the above reasons, the Court denies Defendant's motion for resentencing (Docket No. 510). The Defendant is advised no further motions for resentencing will be entertained by this Court without leave of the Ninth Circuit to file such a motion.

DATED: **March 13, 2006**

~~Honorable~~ Edward J. Lodge
U. S. District Judge